# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| LAJOAQUIN ARCENEAUX,<br><br>Plaintiffs,<br><br>-against-<br><br>CAINE & WEINER COMPANY, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff LAJOAQUIN ARCENEAUX (hereinafter, "Plaintiff"), a Louisiana resident, brings this complaint by and through the undersigned attorneys, against Defendant CAINE & WEINER COMPANY, INC. (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action seeking redress for Defendant's actions of using unfair or unconscionable means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Louisiana, Lafayette Parish, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its principal office located at 5805 Sepulveda Boulevard, 4th Floor, Sherman Oaks, California 91411.

.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to May 4, 2021, an obligation was allegedly incurred to PROGRESSIVE SECURITY INSURANCE CO.

15. The alleged PROGRESSIVE SECURITY INSURANCE CO obligation arose out of a transaction in which insurance or services, which are the subject of the transaction, are primarily for personal or family purposes.

16. The alleged PROGRESSIVE SECURITY INSURANCE CO obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. PROGRESSIVE SECURITY INSURANCE CO is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the PROGRESSIVE SECURITY INSURANCE CO debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household

purposes on behalf of creditors.

20. PROGRESSIVE SECURITY INSURANCE CO directly or through an intermediary contracted the Defendant to collect the alleged debt.

21. Sometime in May of 2021 Plaintiff noticed a collection account on her credit reports.

22. On or about May 4, 2021, Plaintiff sent a certified letter to Defendant disputing the alleged debt.

23. In her May 4, 2021 letter, Plaintiff requested that Defendant cease all communication with her including email, phone, mail and fax communications.

24. Despite Plaintiff's written request for Defendant to cease all communication with her, on or about May 11, 2021, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged PROGRESSIVE SECURITY INSURANCE CO debt. *See* **Exhibit A.**

25. The May 11, 2021 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

26. The May 11, 2021 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27. Pursuant to 15 U.S.C. §1692c of the FDCPA, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except (1) to notify the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to

notify the consumer that the debt collector or creditor intends to invoke a specific remedy.

28. The Defendant violated said section when it proceeded to communicate with the Plaintiff despite having received a letter clearly requesting that Defendant not make calls or send letters to the Plaintiff at any time.

29. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

32. The Defendant violated said section by:

    (a)    Communicating with a consumer in connection with the collection of a debt after receiving written notice from the consumer that the consumer wishes the debt collector to cease further communication with the consumer in violation of § 1692c(c).

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(c) Awarding pre-judgment interest and post-judgment interest; and

(d) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 1, 2021

By: /s/Jonathan F. Raburn
Jonathan F. Raburn, Esq.
McCarty & Raburn,
A Consumer Law Firm PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, TX 75032
Phone: (225) 412-2777
Email: jonathan@geauxlaw.com

/s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: yzelman@marcuszelman.com
PRO HAC VICE MOTION TO BE FILED
*Attorneys for Plaintiff*
*Lajoaquin Arceneaux*